**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Amy Carmen, | ) Case No. 1:25-cv-01671 |
| | ) |
| Plaintiff, | ) Judge Charles Esque Fleming |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Penske Media Corporation, *et al.,* | ) |
| | ) **Defendant Fred Carmen's** |
| Defendants. | ) **Reply To Plaintiff's Opposition** |
| | ) **To Motion  To Dismiss** |

Defendant Fred Carmen ("Fred") respectfully submits this Reply in support of his Motion For Expedited Relief Under Ohio Rev. Code §2747.01, *et. seq.* or, In The Alternative , Fed. R. Civ. P. 12(b)(6) Motion To Dismiss.  Again, to avoid redundancy and promote judicial economy, Fred Carmen hereby incorporates by reference, the Rolling Stone Defendants' statements of law and arguments as to the non-actionability of their statements in  Defendants Penske Media Corporation And Andy Greene's Reply In Support Of Motion To Dismiss Plaintiff's Complaint and Defendants Clayton & Kathryn Carmen's Defendant Clayton and Kathryn Carmen's statements of law and arguments in their Reply In Support of Their Motion For Expedited Relief Under O.R.C. 2747.01, *Et Seq,* Or, In The Alternative, Fed. R. Civ. P. 12(B)(6) Motion To Dismiss.

Reduced to their essence, Plaintiff Amy Carmen ("Amy") advances two principal arguments in support of her defamation claim: first, that the statements made about her aren't true and that is all the verification necessary to make the statements defamatory; and second despite filing a 55-page diatribe filled with hyperbole and inaccuracies that would be defamatory but for the protection afforded legal pleadings, her feelings were hurt by the things that were said about her. The fact is that none of the statements made by Fred in the Rolling Stone article are verifiable and are clearly his opinions.  As such, they are not actionable.  Further, Fred's comments that he believes Amy was the cause of the rift between Eric and his family are relatively benign.  Certainly, they do not rise to the necessary legal level of inspiring hatred, ridicule or contempt.  The fact that Amy's feelings were hurt does not make Fred's statements defamatory.

Despite her assertions to the contrary, the facts clearly show that Plaintiff Amy Carmen was, at the very least, a quasi-public figure.  Fred's statements are not actionable because they are

immune from suit under Ohio law, are protected by the free speech guarantees of the First Amendment and the Ohio Constitution, have been admitted by Plaintiff's Complaint to be true and fail to establish the essential element of verifiability necessary to sustain a claim for defamation.

A.     **The Opposition fails to show that the Challenged Statements involving Fred are simply nonactionable opinion.**

In determining whether a statement is a protected opinion or an actionable fact, courts employ a totality of the circumstances test.  In that regard, courts consider the specific language used, whether the statement is verifiable, the general context of the statement, and the broader context of the statement.  *Boulger v. Woods,* 917 F.3d 471, 478 (6th Cir. 2019.)  The Ohio Supreme Court has stated that if a "statement lacks a plausible method of verification, a reasonable reader will not believe that the statement has specific factual content."  *Bentkowski v. Scene Mag.,* 637 F.3d 689, 694 (6th Cir. 2011) (quoting *Scott v. News-Herald,* 496 N.E.2d 699, 707 (Ohio 1986.)  The inability to verify Fred's statements that Amy claims are defamatory is fatal to her case.  A brief examination of each statement demonstrates they are opinions and not facts because there is no method to verify them.

1.     **"Fred blames Amy for inspiring a series of lawsuits that separated Eric from his brother, his son, and 24-year old Kathryn Carmen, Eric's only other child."**

Initially, in her Complaint, Amy acknowledges that Eric was involved in a series of lawsuits with his brother and children. (Complaint at Par. 42, 72, 77, 79, 80, 81, 88.)  It is also undisputed that the lawsuits between Eric and his brother and children separated him from them.  In the Complaint, Amy quotes Eric as referring to his children as convicted murderers, Lyle Menedez and Squeaky Fromme and states if Eric said if he had known how his children would turn out he never would have had them.  (Complaint at Par. 78.)  Amy also concedes that she and Eric moved from Ohio to Arizona and told friends not to tell his family that he had moved or where he was.  (Complaint at Par. 74.)  Given the truth of the majority of Fred's statement, the portion Amy claims was defamatory were the first three words: "Fred blames Amy" for the lawsuits.  The manner in which the statement was couched and the context in which it was made make clear that Fred was expressing an opinion about what he believed.  The context signals to the reader that what they are about to read is an opinion and not fact.  The Article makes no attempt to pass itself off as a factually sourced, definitive explanation of what occurred and who was at fault.  Rather it is a compendium of the diverse and contradictory feelings and beliefs of Eric's family members about what happened and why.  The broader context of the article leaves no doubt that the statements contained therein are the opinions of the speakers and not facts.

Perhaps most importantly, there is no way to verify whether Fred is correct in his belief that

Amy was to blame for the rift between Eric and his brother and children.  Amy attempts to overcome the verifiability requirement by simply asserting, that whatever she says is true and any statement or opinion to the contrary is false and defamatory.  Of course, that is not verification of a fact.  It is simply a restatement of Amy's position.  If all that was required to satisfy the verification prong was that the party asserting a claim said it was true, verification would never be an issue; it would be presumed.  That, however, is not the law.  The Ohio Supreme Court has stated that if a "statement lacks a plausible method of verification, a reasonable reader will not believe the statement has specific factual content." *Bentkowski v. Scene Mag.,* 637 F.3d 689, 694 (6th Cir. 2011) (quoting *Scott v. News Herald,* 496 N.E.2d 699, 707 (Ohio 1986.)  A statement is verifiable only if the author represents that he has knowledge or evidence that substantiates the statement and there is a plausible method to verify it.  Here, Fred did not represent that he had knowledge or evidence that substantiated his belief and there is no plausible method to determine whether Fred's opinion that Amy caused the schism between Eric and his brother and children, is correct.  Consequently, the statement cannot be verified and, by definition, it is opinion.

> 2. **"At the same time, Eric Carmen filed a lawsuit against Fred, alleging mismanagement of his finances, improperly using money to provide care for their mother, and excessively charging him legal fees throughout the divorce period.  Fred says he first got wind that this might be coming when Carmen and Amy were at his house for a party. 'My nephew came to me,' says Fred.  'He said, 'You need to watch out for Amy.  I just heard her say to my dad there was no way you could have paid for your new deck on your own.' That was the kind of thing Amy was saying to him to make him conclude I was stealing from him."**

Plaintiff correctly points out that Fred's above-referenced statement[1] is properly divided into two parts: his conversation with his nephew and the opinion he formed from what he was told.  The first part of Fred's statement, recounting a statement made to him by his nephew, contains no defamatory content.  To be defamatory, a statement must contain a false statement of fact that holds a defamatory meaning.  *Green v. Mason,* 504 F. Supp.3d 813, 829 (S.D. Ohio 2020.)  Michael's statement, repeated by Fred, does not accuse Amy of any specific wrongdoing. At most, it insinuated that Amy might not be the sweet person she was attempting to broadcast to Eric's family.  "[S]peculation, hyperbole, and vague insinuation do not count as facts" and the use of words with nonspecific, subjective language do not give rise to actionable claims for defamation.  *Croce v. New York Times Co.,* 345 F. Supp3d 961, 982 (S.D. Ohio 2018.)  Rather, it only conveyed a caution based upon what was said.

---

[1] As previously noted, the Article incorrectly stated that the statement made to Fred came from his nephew Clayton.  It actually came from his nephew by marriage, Michael DiFranco.

Moreover, Fred's quote regarding the conversation with his nephew sets forth the basis for his opinion that it was Amy's intent to drive a wedge between him and Eric.  In Ohio, when a statement communicates an opinion, as opposed to a fact, the statement is entitled to absolute protection and cannot be defamatory.  *Croce v. Sanders,* 843 F. App'x 710, 713 (6th Cir. 2021.)  Fred's personal feelings about Amy's motivation, are his opinions, do not give rise to factual implications and are not verifiable.  "Subjective emotions are not verifiable." *Boulger,* 917 F.3d at 481.  ("[A] non-verifiable statement would be one that refers to an individual's 'internal motivation[.]'").  Fred's statement expressly referred to what he believed was Amy's internal motivation to make the statement about the affordability of his new deck.  A statement is verifiable only if the author represents that he has knowledge or evidence that substantiates the statement and there is a plausible method to verify it.  *Boulger v. Woods,* 917 F.3d 471, 481 (6th Cir. 2019), *Boulger,* 917 F.3d at 481 (citing *SPK Corp. v. Doe,* 253 F. Supp 2d 974, 980-81 (N.D. Ohio 2003)).  Here, there is no plausible way to determine whether or not Fred's opinion regarding Amy's motivation was correct and, as such, the statement is not verifiable and, consequently, neither defamatory nor actionable.  Individual's subjective opinions and emotions are not verifiable.  *See, e.g. Stohlmann v. WJW TV, Inc.*, 2006 WL 3518121, at *8 (8th Dist. 2006.)  "Everyone is free to speculate about someone's motivations based on disclosed facts about that person's behavior." (citing *Balletta v. Spadoni,* 47 A.3d 183, 199 (Pa. Comm. Ct. 2012.)  "[I]f it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." *Haynes v. Alfred A. Knopf, Inc.,* 8 F.3d 1222, 1227 (7th Cir. 1993).  Fred's Statement 6 expresses his subjective opinion regarding Amy's internal motivation.  As such, it is an opinion and not defamatory.

3. **Not long afterward, Carmen met Amy, and as they dated and eventually married, he slowly became estranged from his brother, his ex-wife and both of his kids.  Fred Carmen says that was by Amy's design. 'The plan was to first pull me away from Eric and then pull the children away from Eric, so that she was the sole source of everything, and that she would control him," he says.  "To her credit, she was very effective.  Again, Eric is a conspiracy theorist.  She made him believe his entire family was engaged in a conspiracy against him.**

As with the prior statement, this statement is properly divided into two parts.  The first sentence is completely accurate and Amy's Complaint supports the truth of the proposition that Eric separated himself from Fred and then his children.  The balance of the statement expressed what was

obviously Fred's subjective opinion as the cause of the rift.  As with the other statements, Fred's belief that Amy was behind the schism that developed between Eric and himself and Eric and his children, is simply not verifiable.  Amy argues, in her Opposition, that Fred cannot insulate himself from liability by cloaking his assertions in the language of opinion.  In so doing, Amy has conceded that Fred's statement is his opinion.  But, Amy continues, courts have found assertions cloaked as opinions to constitute defamation.  (Opposition at Pg. 13.)  Amy then quotes *Scott v. News Herald,* 496 N.E.2d 699, 202 (1986) stating "[O]ne should not escape liability for *accusations of crime* simply by using, explicitly or implicitly, the words: 'I think.'"  Here, Fred has not accused Amy of committing a crime or of having a noxious disease.  He simply expressed his logically held opinion that after taking care of his brother for over half his life, it seemed entirely too coincidental that Eric suddenly and unexpectedly decided Fred was stealing from him and separated himself from Fred and then his children.   Where, as here, the statement cannot be verified and is substantially true, it is opinion and not defamatory

4. **"His brother, children, and ex-wife, Susan, describe a bitter, paranoid conspiracy theorist haunted by the past, lost in the fact of shifting musical tastes, hopelessly addicted to alcohol, and manipulated by Amy, to turn on his family."**

Initially, this statement is not of and concerning Amy.  It is of and concerning Eric.  Specifically, it is a description of Eric written by the author of the Article based upon his impressions of conversations he had with Eric's family members.  To the extent the statement is about Eric, it is not actionable because there can be no defamation of a deceased individual.  Further, there is no attribution in the statement as to what part, if any, was stated by Fred.  There can be no claim of defamation by Fred when it is not certain Fred even made the statement claimed to be defamatory.  In fact, the entire statement, at most, sets forth the opinions of Eric's family members about his mental state and emotional problems during the last years of his life.  The only mention of Amy is the reference to the family's belief that Amy was the cause of his estrangement from them.  Like all the other statements attributed to Fred, there is no way to verify its accuracy.  As has been repeatedly stated, where there is no way to verify a statement, it is, by definition, an opinion and cannot, therefore, be defamatory.

5. **Fred's Statements Do Not Claim He Had Firsthand Knowledge Of Facts**

Amy attempts to overcome the fact that Fred's statements are not verifiable and, therefore, non-defamatory opinions, by stating that "Sixth Circuit and Ohio precedent" both state that "[s]o long as the statement at issue 'implies that the speaker has first-hand knowledge that substantiate the opinion he asserts, the speaker might be liable for defamation even if he cloaks his assertion in the

language of argument or opinion.  (Opposition at Pg. 12.)  Amy's problem is that none of Fred's statements contain any assertion or implication that he has first-hand knowledge of his belief that Amy was the cause of his estrangement from his brother.  "Fred blames Amy" does not assert or imply first-hand knowledge.  Fred's opinion about what Amy might have been saying to Eric based upon what his nephew told him is not first-hand knowledge.  Fred's statement that he felt it was Amy's plan to drive a wedge between him and his brother does not contain any assertion or implication that it was based on first-hand knowledge.  And the statement attributed to Fred without support, that Amy manipulated Eric to turn on his family does not contain any assertion that it was based on first-hand knowledge.  In short, the key element Amy claims is necessary to potentially make an opinion actionable defamation is missing from every statement attributed to Fred.

B.    **Fred's Statements Do Not Meet The Standard Necessary To Establish Defamation *Per Se.***

Amy concedes that Fred's statements do not accuse her of the commission of a crime, having a contagious disease or harming her in her business or occupation.  Her sole argument is that  Fred's statements subjected her to ridicule and contempt.  Not all negative statements about an individual constitute defamation.  As courts have repeatedly held, "[h]atred, ridicule or contempt requires a "relatively high standard" to be met.  *Green v. Mason,* 504 F. Supp 3d 813 (S.D. Ohio 2020.)  Here, the worst that can be said is that it was Fred's opinion that Amy was the cause of his and his nephew and niece's estrangement from Eric.  That is hardly incendiary stuff and it certainly doesn't meet the high standard required to foster ridicule, hatred or contempt.  As might be suspected, some readers of the article posted comments supportive of Amy and others posted comments that were not supportive. Those comments did not equate to ridicule, hatred or contempt – simply their interpretation of what might have transpired during the last years of Eric's life.  Moreover, the negative comments might well have been the result of Amy's own snarky comments in the Article as opposed to anything Fred said.  In any event, the statements attributed to Fred are not of the sort that have been held to expose an individual to ridicule, hatred or contempt and they do not constitute defamation *per se.*

C.    **Amy Cannot Establish A False Light Claim**

Amy's claim for false light invasion of privacy fails because she cannot establish the essential elements required to prove that cause of action.  First, Amy cannot claim that Fred's statements gave publicity to a private matter concerning her.  At the time Fred's statements were made, Amy was embroiled in a legal battle with Eric's children over a trust he had created.  That battle had received media coverage and been depicted as a fight between Eric's heirs and his third wife.  Clearly, it was

not a private matter and Fred's opinions regarding Amy's motivation in separating Eric from his family to obtain his considerable wealth, did not disclose anything more than was already known about her.  Moreover, Amy voluntarily and actively participated in providing information for the article.   The Article quotes Amy as saying she "appreciate[d] the opportunity to talk about…[her]…husband's genius musical ability.  She offered to compile a list of people who the author of the Article might consider interviewing.  In short, Amy was as much responsible for the airing of the Carmen family issues as anyone else who was interviewed.

Second, Fred's statements were not of the type that would be highly offensive to a reasonable person.   "It is only when there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, there is a cause of action for invasion of privacy."  *Welling v Weinfeld,* 2007-Ohio-2451 (citing Restatement of the Law 2d, Torts, Section 652E, Comment c.)  Here, Fred did not comment about Amy's character, history, activities or beliefs.  He merely expressed his opinion that she was likely the cause of the schism with his brother.  What really seems to be bothering Amy is that the author of the Article did not present a one-sided puff piece extolling the virtues of her late husband while ignoring the less than happy circumstances that punctuated the last years of his life.  By including Eric's character weaknesses and flaws, the Article undercut the image of her life and marriage that Amy had carefully attempted to curate.  In the final analysis, Fred's statements that he thought Amy was to blame for creating a rift between Eric and his family are not of the type that would lead a reasonable man to take serious offense.

Finally, Amy has failed to demonstrate that Fred's comments were made with actual malice, which she must prove as a limited purpose public figure.  While Amy contends that she tried to maintain a private persona, her Complaint tells a different story.  She claims to have "worked tirelessly to protect Eric's legacy." Compl. ¶30.  She voluntarily participated in the Article and attempted to influence who the author spoke to about Eric's life.  Very clearly, Amy inserted herself into the debate about her late husband and attempted to influence the public controversy surrounding Eric's life and legacy.  A plaintiff cannot assert she guarded her privacy and is not a public figure while simultaneously engaging in conduct that invites the very attention and comment she claims she tried to avoid.  *Daubenmire v. Sommers,* 2004-Ohio-914, ¶88, 156 Ohio App. 3d 322, 342.  Moreover, even minor attempts to enter into a controversy have been held sufficient to render an individual a quasi-public figure. *Ackison v. Gergley,* 2022-Ohio-3490, ¶64, 198 N.E. 3d 139, 155 (5th Dist.)  Here, Amy's conduct has made her a quasi-public figure and to prevail on her false light claim, she must

demonstrate that Fred's comments were made with actual malice.  Simply stated, she cannot.  Amy cannot identify any false statement of fact Fred made for which he was negligent.   Amy's theory is that any opinion offered by anyone that contradicts her version of the truth or contains information she construes as negative can only have been made with malice.  However, Amy's perception is not the test for determining whether a statement was made with actual malice.  As clearly stated in *Varanese v. Gall*, 35 Ohio St.3d 78 (1988), in a defamation action, actual malice may not be inferred from evidence of personal spite, ill will or deliberate intent to injure because the defendant's motives for publishing are irrelevant.  A defamation plaintiff is required to demonstrate, with convincing clarity, that the defendant published the defamatory statement either with actual knowledge that it was false or with a high degree of awareness that it was likely false.   In this case, Amy cannot make such a showing.  Right or wrong, Fred's opinion that Amy was to blame for his fallout with his brother were his honestly held beliefs.  The fact that Amy contests whether Fred was correct in his beliefs does not equate to a showing that Fred knew that his opinions were not correct or had a high degree of knowledge that his opinions were not correct.  Amy has not and cannot offer any evidence that Fred's opinions were unfounded or incorrect, let alone that they were knowingly or likely false. Consequently, her false light claim fails as a matter of law.

**Conclusion**

In light of the foregoing facts, law and arguments set forth in his Motion To Dismiss, Defendant Fred Carmen respectfully requests that all of Plaintiff's defamation and false light claims against him be dismissed with prejudice.

Respectfully submitted,

*/s/ Fred N. Carmen*
Fred N. Carmen (0014774)
Fred Carmen Law, LLC
27800 Cedar Road
Beachwood, Ohio 44122
(216) 831-1400
fred@fcarmenlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

A copy of the foregoing Motion was served this 29th day of June 2026, via email, upon the

following:

Edward A. Paltzik
Edward@taylordykema.com

Meredith Lloyd
meredith@tavlordvkema.com

Amy E. Mildebrath
amildebrath@fbtlaw.com

Andrew C. Geronimo
Andrew.geronimo@case.edu

Joseph N. Cindric
jcindric@dworkenlaw.com

Richard N. Selby, II
rselby@dworkenlaw.com

Kevin T. Shook
kshook@fbtlaw.com

Kristen M. Kraus
kmkraus@dworkenlaw.com

Sara E. Coulter
Sara.coulter@case.edu

*/s/ Fred N. Carmen*_____
Fred Carmen

i